UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-4: TAVEARIA DECARLO WASHINGTON,

        Defendant.
_____/

Case No. 1:20-cv-20434-4

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In October 2021, Defendant Tavearia Washington was sentenced to 151 months in prison after pleading guilty to a drug distribution offense. Defendant now seeks compassionate release. But he has not shown any extraordinary and compelling reasons warranting his release. And, even if he had, a *de novo* review of the 18 U.S.C. § 3553 sentencing factors reveals that he is not entitled to release. Accordingly, Defendant's Motion for Compassionate Release will be denied.

**I.**

In September 2020, the Grand Jury returned a 21-count indictment against five Codefendants arising from their alleged conspiracy to possess and distribute cocaine throughout Michigan from summer 2019 through September 2020. ECF No. 1. Defendant Tavearia Decarlo Washington, specifically, was charged with conspiring to possess with intent to distribute and to distribute cocaine base, 21 U.S.C. §§ 846 and 841(a)(1) (Count I); three counts of distribution of cocaine base, 21 U.S.C. § 841(a)(1) (Counts XII–XIV); and use of a communication facility, 21 U.S.C. § 843(b) (Count XX). *Id.*

On June 23, 2021, Defendant Tavearia Decarlo Washington pleaded guilty to Count XII. *See* ECF Nos. 89; 91; 99. On October 15, 2021, this Court sentenced Defendant to 151 months of imprisonment and three years of subsequent supervised release. ECF No. 123 at PageID.734–35. He is currently confined at the FCI Lewisburg Minimum Security Satellite Camp in Lewisburg, Pennsylvania. *See* ECF No. 254 at PageID.1604. And his projected release date is June 11, 2030. *Id.* at PageID.1602.

On April 9, 2025, Defendant filed a *pro se* motion for compassionate release. ECF No. 254. The Government responded on May 19, 2025. ECF No. 257.

**II.**

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). But 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as "compassionate release," provides an exception to this rule. "In assessing motions for compassionate release, courts within the Sixth Circuit proceed with a threshold question, followed by a three-tiered analysis." *United States v. Simmons*, No. 1:14-CR-20628, 2025 WL 1189988, at *2 (E.D. Mich. Apr. 24, 2025).

As a threshold issue, reviewing courts must assess whether the defendant has "satisfied the administrative exhaustion requirement of the First Step Act." *United States v. Allison*, No. 2:21-CR-20436-TGB-EAS, 2024 WL 3012780, at *2 (E.D. Mich. June 14, 2024); *see also* 18 U.S.C. § 3582(c)(1)(A) (noting courts can review defendant-filed motions for compassionate release only once defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

If a defendant exhausted his or her administrative remedies, reviewing courts consider (1) whether the defendant has shown "extraordinary and compelling reasons" that warrant a sentence reduction; (2) whether a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A); and (3) whether a reduction is warranted under the applicable 18 U.S.C. § 3553(a) sentencing factors. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

### III.

### A.

The Government concedes that Defendant exhausted his administrative remedies. *See* ECF No. 257 at PageID.1611. So this Court proceeds past this threshold issue to the applicable three-tiered analysis.

### B.

First, this Court considers whether Defendant has shown "extraordinary and compelling reasons" warranting a reduction in his sentence. He has not.

When Congress enacted 18 U.S.C. § 3582(c)(1)(A)(i), it did not define or exemplify "extraordinary and compelling reasons" warranting compassionate release. Instead, it delegated this description to the United States Sentencing Commission. *See* 28 U.S.C. § 994(t). The Sentencing Commission provided examples of "extraordinary and compelling reasons" in a 2007 policy statement—U.S.S.G. § 1B1.13—but this policy statement applied only to "those compassionate-release motions filed by the Bureau of Prisons, not those filed by prisoners." *United States v. Bricker*, 135 F.4th 427, 433 (6th Cir. 2025). For prisoner-filed compassionate-release motions, like Defendant's motion here, district courts historically had discretion to define extraordinary and compelling "on their own initiative." *United States v. Elias*, 984 F.3d 516, 519

(6th Cir. 2021). But, in November 2023, the Sentencing Commission amended § 1B1.13 and provided—for the first time—a comprehensive policy statement defining extraordinary and compelling reasons for relief, "regardless of who files the motion." *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024).

The policy statement first sets out four enumerated grounds for relief: the defendant's (1) medical circumstances; (2) age; (3) family circumstances; and (4) whether the defendant was a victim of abuse while in custody. U.S.S.G. § 1B1.13(b)(1)–(4). And the amendment provides the following "catch-all" provision:

> Extraordinary and compelling reasons exist [if] . . . [t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

*Id.* § 1B1.13(b)(5).

Defendant does not argue that his age, or medical or familial circumstances, warrant his release. And he was not a victim of abuse while in custody. So his motion rests on §1B1.13(b)(5)'s "catch-all" provision. *See Washington*, 122 F.4th at 266–67. Specifically, Defendant seeks a reduction in sentence because two of his Codefendants—Henri Leigh Buckner and David Barker—were granted executive clemency. ECF No. 254 at PageID.1584–85. Because Defendant claims these two Codefendants were "more culpable" than he was, he argues their grant of clemency produced sentencing disparities which constitute extraordinary and compelling reasons for his release. *Id.* Not so.

True, before the Commission amended §1B1.13, some courts exercised their now-cabined discretion to find extraordinary and compelling circumstances when a highly culpable codefendant's post-sentencing grant of clemency produced a gross sentencing disparity compared

to a less culpable movant. *See, e.g.*, *United States v. Ferguson*, 536 F. Supp. 3d 139, 144 (E.D. Mich. 2021) (finding extraordinary and compelling reasons when a moving defendant "served a slightly longer term of imprisonment than a more culpable co-defendant" because of that codefendant's post-judgment clemency); *United States v. Montgomery*, No. 3:18-CR-00077-2, 2021 WL 1857339, at *3 (M.D. Tenn. May 10, 2021) (same, noting the more culpable codefendant served "a fraction" of the less culpable moving defendant's sentence such that the disparity was "glaringly lopsided"). But Defendant has not shown such disparity.

Start with Codefendant Barker. Although Defendant Barker received clemency that reduced his sentence from 262 months to 180 months, *see* ECF No. 252 at PageID.1534–35, this reduced sentence is still *longer* than Defendant's 151-month sentence, so no disparity exists.

Turn to Codefendant Buckner's clemency, which reduced his sentence from 94 to 70 months. *See* ECF No. 253 at PageID1549. To Defendant's point, Codefendant Buckner is more culpable because he was the conspiracy's ringleader while Defendant was a rank-and-file distributor. *See* ECF No. 126 [hereinafter PSR] ¶ 27. And true, there is a significant disparity between Codefendant Barker's reduced 70-month sentence and Defendant's 151-month sentence. But this disparity existed at sentencing. Indeed, despite his higher culpability, Codefendant Barker's initial 94-month sentence was nearly five years less than Defendant's 151-month sentence. *Compare* ECF No. 123 *with* ECF No. 213. In this way, the disparity Defendant complains of was caused by factors that existed at sentencing, not Codefendant Buckner's post-sentencing clemency. Thus, the disparity is neither extraordinary nor compelling for compassionate release. *See Setser v. United States*, 566 U.S. 231, 243 (2012) (explaining that § 3582(c)(1)(A) is triggered by "developments that take place after . . . sentencing"); *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021) (noting the extraordinary-and-compelling analysis is

limited to "post-sentencing factual developments"); *United States v. Trent*, No. 2:17-CR-17-TAV-CRW-1, 2024 WL 3734198, at *7 (E.D. Tenn. Aug. 8, 2024) (noting a court's consideration of sentencing disparities at the extraordinary-and-compelling stage is "limited in scope" to those disparities based on post-sentencing developments); *see also United States v. Mason*, No. 21 CR. 499 (PAE), 2025 WL 1404626, at *5 (S.D.N.Y. May 15, 2025) (collecting cases) (noting "courts . . . have generally held that the commutations of others' sentences do not merit compassionate release").

Defendant additionally argues that his rehabilitation efforts are extraordinary or compelling. *See* ECF No. 254 at PageID.1585. They are not. Without more, rehabilitation in itself is never an extraordinary or compelling reason to warrant compassionate release. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). And although rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent" release is warranted, U.S.S.G. § 1B1.13(d), Defendant has not identified any other circumstances to be considered in combination. At bottom, "[p]risoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves[.] [T]here is nothing 'extraordinary and compelling' about a prisoner who simply does the things that prisoners are supposed to do." *United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021); *see also United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023) ("Taking classes while incarcerated is common rather than extraordinary.").

In sum, no extraordinary or compelling reasons warrant Defendant's compassionate release.

## C.

Additionally and alternatively, compassionate release is not warranted upon reconsideration of the 18 U.S.C. § 3553(a) sentencing factors. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
        …
(5) any pertinent policy statement—
        …
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution for any victims of the offense.

18 U.S.C. § 3553(a)

This Court already considered the § 3553(a) factors when it sentenced Defendant in 2021. *See* ECF No. 123. This Court's "initial balancing of the § 3553(a) factors during [Defendant's] sentencing" is presumed to "remain an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021). Defendant has the burden to "make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Id*. He has not done so.

Defendant's offense is serious. Washington did not simply possess cocaine; he funneled it throughout the northern Michigan community for over a year while working within an organized trafficking conspiracy. ECF No. 126 at PageID.802; *see also* ECF No. 89 at PageID.332–33. This crime is not victimless. *United States v. Green*, 532 F.3d 549. "Society as a whole is the victim when illegal drugs are being distributed in its communities." *Id*.

Defendant's criminal history is equally serious. Defendant is a career offender and has had contact with the criminal justice system nearly every year since 2003. PSR ¶¶ 64, 43-61, 66-73. Eight of his *nineteen* prior convictions involve controlled substances. *See id.* ¶¶ 43-61. Others involve firearms and disorderly conduct. *Id.* ¶¶ 45, 48.

Moreover, the Sixth Circuit has "recognized that some of the § 3553(a) factors, including the 'need to provide just punishment' and 'to reflect the seriousness of the offense,' allow courts to consider the 'amount of time' that a defendant has served on a sentence when deciding whether to grant a sentence reduction." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (citing *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) and 18 U.S.C. § 3553(a)(2)(A)). Defendant has served approximately 35% of his 151-month sentence. ECF No. 254 at PageID.1602. Releasing him now would not provide just punishment, nor reflect the seriousness of his offense.

In sum, Defendant has not shown extraordinary and compelling reasons for compassionate release, nor that his release is warranted upon a reconsideration of the relevant sentencing factors. So his Motion for Compassionate Release will be denied.

**IV.**

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 254, is **DENIED.**

Dated: July 15, 2025                                   s/Thomas L. Ludington
                                                                 THOMAS L. LUDINGTON
                                                                 United States District Judge